UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV-06-62-B-W |
| v. ) | |
| ) | |
| STATE OF MAINE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECUSAL**

On July 24, 2006, Carol Murphy moved to recuse this Judge and Magistrate Judge Kravchuk from presiding over her pending action in United States District Court against the state of Maine and others, based on Magistrate Judge Kravchuk's grant of the State's motion for an extension of time over her presumed objection. *See Pl.'s Pro Se Mot. for Recusal of Magistrate Judge Kravchuk and Judge Woodcock* (Docket # 40) (*Mot. for Recusal*). This Court denies her motion as to this Judge.

**I. Statement of Facts**

On July 5, 2006, pursuant to Fed. R. Civ. P. 6(b), the State filed a motion to extend time to return waivers of service and to respond to Plaintiff's Complaint and motion for injunctive relief. *Mot. to Extend Time* (Docket # 21). On July 7, 2006, Magistrate Judge Kravchuk granted the State's motion, extending the time for all defendants to return waivers of service until August 19, 2006, and extending the time to respond to the Complaint and the motion for injunctive relief until September 18, 2006. *Order Granting Mot. to Extend Time* (Docket # 22). Magistrate Judge Kravchuk stated in her order that she was granting the motion over Plaintiff's presumed objection because of

the time-sensitive nature of the requested relief.  Ms. Murphy responded by filing an objection, *Pl.'s Resp. to Mot. to Extend Time* (Docket # 23), and a recusal motion.

Ms. Murphy challenges both the propriety of the Order and a magistrate judge's ability to issue it.  Regarding the latter objection, she explains that this Court erred by "allow[ing Magistrate Judge Kravchuk] to grant an illegal order."  *Mot. for Recusal* at 5.  She argues that the actions of the Court in doing so "constitute collusion, obstruction of justice, wanton, depraved indifference to plaintiff's rights under the law, to the law itself, to the Constitution . . . ", and names the Maine Attorney General and Assistant Attorney General Christopher Taub as co-conspirators.  *Mot. for Recusal* at 6.

## II. Discussion

Two federal statutes govern recusal.  Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," another judge shall be assigned to hear the proceeding.  In addition, under 28 U.S.C. § 455(a), a judge must recuse himself in any proceeding "in which his impartiality might reasonably be questioned."

The First Circuit has stated that "[s]ince sections 144 and 455 of 28 U.S.C. use similar language, and are intended to govern the same area of conduct . . . the test of the legal sufficiency of a motion for disqualification is the same under both statutes."[1] *United States v. Kelley,* 712 F.2d 884, 889 (1st Cir. 1983).  A judge may be disqualified if (a) his impartiality may reasonably be questioned; or, (b) he has a personal bias or

---

[1] Ms. Murphy failed to comply with the statutory requirements of section 144, since she failed to file a "timely and sufficient affidavit." *See United States v. Kelley,* 712 F.2d 884, 887 (1st Cir. 1983) (noting that "28 U.S.C. § 144 requires that the party filing a motion to disqualify a judge also file a 'timely and sufficient' affidavit . . . .") (emphasis supplied).

prejudice concerning a party. *Id.* To require disqualification, any alleged bias or prejudice must be both "(1) personal, i.e., directed against a party, and (2) extrajudicial." *Id.* (citation omitted). *See also United States v. Raven,* 121 F. Supp. 2d 128, 131 (D. Mass. 2000). "Facts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias." *Id.* Ms. Murphy, through her motion for recusal, has failed to make a showing sufficient to establish either factor. *See United States v. Giorgi,* 840 F.2d 1022, 1035 (1st Cir. 1988).

To determine whether a judge should be disqualified for alleged partiality the test is whether the charge "is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable man." *Kelley,* 712 F.2d at 890 (citing *United States v. Cowden,* 545 F.2d 257, 265 (1st Cir. 1976)). *See also United States v. Voccola,* 99 F.3d 37, 42 (1st Cir. 1996) (noting that "there must be a factual basis for the claim that there appears to be a lack of impartiality") (citations omitted).

Here, Ms. Murphy complains that the Magistrate Judge issued an order enlarging time within which to answer. This is a routine order, commonly granted, to allow the responding party to investigate the allegations in the Complaint before filing its Answer. Rule 6(b) of the Federal Rules of Civil Procedure expressly authorizes such an order and Magistrate Judge Kravchuk's action provides no basis for objection, much less recusal.

Moreover, Ms. Murphy's complaint against this Judge is even more attenuated. She contends that this Judge must recuse himself not because he granted the motion for enlargement, but because he allowed Magistrate Judge Kravchuk to do so. The law,

3

however, allows a district judge to permit a magistrate judge to issue this type of order. *See* 28 U.S.C. 636(b)(1)(A) (providing that "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court," with certain delineated exceptions); *Beall v. Cockrell,* 174 F. Supp. 2d 512, 517 n.4 (N.D. Tex. 2001) (noting that a "motion for extension of time is a non-dispositive pretrial matter that may be referred to a magistrate judge for determination . . . .")[2] Under these circumstances, no reasonable person could conclude that either ground presents a justifiable basis for recusal.

This Court DENIES Plaintiff's motion for recusal (Docket # 40).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2006

---

[2] One more concern is Plaintiff's threat to amend her lawsuit to add this Judge to her list of defendants. *Mot. for Recusal* at 6. While 28 U.S.C. § 455(b)(5)(i) requires disqualification when a judge is a party to the proceeding, the First Circuit has held that recusal is not mandatory when suit is either threatened or initiated against a judge:

> In order to guard against "judge-shopping," "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge." *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*, 894 F.2d 1338 (7th Cir. 1990) (table); *see also, e.g., United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) (suit against judge separate from case at bar; "It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him"); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (same), *cert. denied,* 435 U.S. 954 (1978).

*Tamburro v. City of East Providence,* Nos. 92-1321, 92-1322, 92-1323, 92-1324, 1992 U.S. App. LEXIS 32825, *3-*4 (1st Cir. Dec. 18, 1992) (unpublished). This Judge declines to recuse himself in the circumstances presented here.