UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV-06-62-B-W |
| | ) |
| STATE OF MAINE, et. al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' MOTION TO DISMISS

Because the doctrine of judicial immunity bars her claims against the judicial defendants, the Court grants their motion to dismiss Carol Murphy's Amended Complaint.

### I. STATEMENT OF FACTS

On May 30, 2005, pursuant to 42 U.S.C. § 1983, Carol Murphy filed an Amended Complaint against myriad defendants alleging, among other things, violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and numerous violations of the Maine Constitution.[1]  *Am. Compl.* ¶ 5 (Docket # 4-1).  Among the defendants are several judges within the Maine State Court system:  Joseph Jabar, Robert E. Mullen,[2] Paul A. Cote, Robert W. Clifford, Warren M. Silver, Jon D. Levy, and Leigh I. Saufley (the "Judicial Defendants").  *Am. Compl.* at 2.  The Judicial Defendants moved to dismiss the Amended Complaint on a variety of grounds, including judicial immunity.  *Def.'s Mot. to Dismiss* at 1 (Docket # 51).

---

[1] Ms. Murphy initiated the cause of action demanding an injunction. *Compl.* (Docket # 1). On May 30, 2006, she filed an Amended Complaint, listing the judges as defendants. *Am. Comp.* (Docket # 4).

[2] The Plaintiff's pleadings spell Robert Mullen with an "in." In their motion to dismiss, the Judicial Defendants noted that the correct spelling of Justice Mullen's name is with an "en" and moved to correct the misspelling in this and any future pleadings. *Mot. to Dismiss* at 1 n.1 (Docket # 51). This motion is granted.

## II. DISCUSSION

The doctrine of judicial immunity is well-settled. As the Supreme Court has explained, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine…." *Pierson v. Ray*, 386 U.S. 547, 553 (1967). The origins of this doctrine in the United States can be traced to the 1872 Supreme Court case of *Bradley v. Fisher*, which itself traced the doctrine back to 1608 in England. 80 U.S. 335, 347-48 (1872). It holds that judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Pierson*, at 553-54; *Bettencourt v. Bd. Of Registration in Med.*, 904 F.2d 772, 782 (1st. Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st. Cir. 1989); *Overton v. Torruella*, 183 F. Supp. 2d 295, 300 (D. Mass. 2001). Absolute immunity "applies even when the judge is accused of acting maliciously and corruptly." *Pierson*, at 554; *see also Cok*, at 2. *Pierson* reassured would-be objectors that absolute immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, at 554 (quotation marks and citation omitted). There are only two circumstances where absolute immunity may be inappropriate: 1) functions which are not "normally performed by a judge" and which are outside his or her "judicial capacity;" *Stump*, 435 U.S. at 362; or, 2) "judicial actions taken in the clear absence of all jurisdiction…." *Cok*, at 2 (citing *Stump*, at 357).

Here, Ms. Murphy has not alleged that any of the named judges acted outside his or her judicial capacity nor has she alleged that they acted in the clear absence of jurisdiction.

To the contrary, the gravamen of Ms. Murphy's complaint is that the judges assumed jurisdiction and then improperly exercised their judicial authority. Because she alleges conduct that goes to the heart of their judicial functions, the Judicial Defendants are immune from civil liability.

### III. CONCLUSION

The Court GRANTS the motion to dismiss filed by Defendants Joseph Jabar, Robert E. Mullen, Paul A. Cote, Robert W. Clifford, Warren M. Silver, Jon D. Levy and Leigh I. Saufley (Docket # 51).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2006