## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF MAINE, )<br>)<br>Defendants. )<br>) | Docket No. 1:06-cv-62-GZS |

### ORDER ON PENDING MOTIONS & CAUTIONARY NOTICE

Before the Court are the following motions: (1) Plaintiff's Motion for Injunction (Docket # 12), (2) Plaintiff's Demand to Vacate [Magistrate Judge] Kravchuk's July 7, 2006 Order (Docket # 35), (3) Plaintiff's Motion for Temporary Injunction/Bifurcation of the Issues (Docket # 36), (4) Plaintiff's Motion for Reconsideration on the Merits (injunctive relief) (Docket # 69) and (5) Plaintiff's Demand for Restraining Order (Docket # 77). For the reasons explained below, the Court DENIES all of these motions. In addition, the Court hereby ALLOWS IN PART Plaintiff's Second Amended Complaint (Docket # 114) and provides Ms. Murphy with a CAUTIONARY NOTICE.

**I.    THE APPEAL OF JUDGE KRAVCHUK'S JULY 7, 2006 ORDER**

The Court first addresses Plaintiff's Demand to Vacate the July 7, 2006 Order (Docket # 35). The Court treats this Motion as an appeal of the July 7, 2006 Order. In accordance with Federal Rule of Civil Procedure 72(a), the Court will only modify or set aside the July 7, 2006 Order if it is "clearly erroneous or contrary to law." Quite simply, the Court finds that the Magistrate Judge's ruling was neither. In fact, upon *de novo*

review of the State Motion to Extend Time (Docket # 21), the Court would similarly grant the request. For this reason, Plaintiff's Motion to Vacate (Docket # 35) is DENIED.

## II.     THE REQUESTS FOR AN INJUNCTION

After disposing of that Motion, the Court is left with four related motions, all of which seek injunctive relief. (Docket #s 12, 36, 69 & 77). All of these requests for injunctive relief are directed at action that has been or might be undertaken by the State of Maine or persons acting in their official capacity on behalf of the State. In accordance with the extension granted by the July 7, 2006 Order, the State filed its Objection to Plaintiff's Motion for Injunction (Docket # 97), along with supporting exhibits, on September 15, 2006. Plaintiff then filed a reply brief and supporting exhibits on September 21, 2006. Having considered the written submissions of the parties, along with the entire record, the Court hereby DENIES all of Plaintiff's various requests for preliminary injunctive relief.

In general, "[p]reliminary injunctions must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain." Augusta News Co. v. News America Publ'g Inc., 750 F. Supp. 28, 31 (D.Me. 1990) (citations omitted). In considering whether Plaintiff is entitled to preliminary injunctive relief, the Court must consider: (1) likelihood of plaintiff's success on the merits; (2) the threat of irreparable harm to plaintiff if the injunction is not granted; (3) the balance of the hardships on defendant if the preliminary injunction were to be granted; and (4) the impact, if any, on public interest. Of these four factors, the likelihood of success is the most important. New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)

("[I]f the moving party cannot demonstrate [s]he is likely to succeed in [her] quest, the remaining factors become matters of idle curiosity.") The First Circuit also has explained that "a preliminary injunction is not warranted by a tenuous or overly speculative forecast of anticipated harm." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996) (citations omitted).

Plaintiff's requests for injunctive relief appear to focus on three general categories of harms she believes must be enjoined: (1) the "threat of an unconstitutional jail sentence;" (2) the "threat of an unconstitutional extension of probation;" and (3) the ongoing "lifetime ban on owning a particular type of private property, namely animals," which, in turn, leads Plaintiff to believe that she is under an ongoing threat of allegedly unconstitutional search and/or seizure. (Pl.'s Mot. for Injunction (Docket # 12) at 9.)

Quite simply, Plaintiff's filings have not demonstrated that she is likely to succeed on her claims that the above-listed actions by any of the State Defendants are or would be unconstitutional. Moreover, many, if not all, of her anticipated harms are overly speculative, including fears of "indefinite extension of probation" and the fear that the State will "steal more private property off private land any time they wish for the rest of Ms. Murphy's life." (Pl.'s Reply (Docket # 113) at 6.)

In its Opposition, the State specifically cites the Rooker-Feldman as a basis for questioning whether the district court has jurisdiction over Plaintiff's claims. On current record, the Court is reluctant to say the Rooker-Feldman abstention applies in light of how the doctrine has been recently limited and the timeline of this case (i.e., Plaintiff initially filed her federal complaint on May 22, 2006 and the related final decision by the Law Court was issued on July 27, 2006). See Federacion de Maestros de Puerto Rico v.

3

Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 24 (1st Cir. 2005) ("If federal litigation is initiated *before* state proceedings have ended, then—even if the federal plaintiff expects to lose in state court and hopes to win in federal court—the litigation is parallel, and the Rooker-Feldman doctrine does not deprive the court of jurisdiction.") However, to the extent that Plaintiff's request for injunctive relief appears to invoke ongoing state criminal proceedings, including supervision of Ms. Murphy while she is on probation, this Court believes it should abstain from issuing any such injunction under the Supreme Court's ruling in Younger v. Harris, 401 U.S. 37 (1971). See Esso Standard Oil Co. v. Cotto, 389 F.3d 212, 217 (1st Cir. 2004) ("Younger v. Harris recognized that, in the interest of comity and federalism, federal courts should ordinarily refrain from issuing injunctions that interfere with ongoing criminal prosecutions in state court. 401 U.S. at 44-45, 91 S.Ct. 746.") Given the possible bases for abstention, the Court further doubts Plaintiff's likelihood of success and believes that injunctive relief can only be considered after jurisdiction over this matter has been more thoroughly considered and Plaintiff's claims against State Defendants have been fully considered on the merits.

For these reasons, the Court DENIES Plaintiff's Motion for Injunction (Docket # 12), Plaintiff's Motion for Temporary Injunction/Bifurcation of the Issues (Docket # 36), Plaintiff's Motion for Reconsideration on the Merits (injunctive relief) (Docket # 69) and Plaintiff's Demand for Restraining Order (Docket # 77)

### III.   THE SECOND AMENDED COMPLAINT

In addition, the Court notes that on September 21, 2006, Plaintiff filed a 60-page document, which is titled, "Second Amended Judicial Brief." (Docket # 114). Upon

review, this document has been deemed to be a Second Amended Complaint. By Order dated August 29, 2006, Plaintiff was given seven (7) days in which to file a second amended complaint. On September 14, 2006, the Court issued an Order dismissing the Town of Jay from this case based in part on Plaintiff's failure to file a second amended complaint within the allotted time. Plaintiff has offered no explanation for her belated filing of a second amended complaint on September 21, 2006 nor did she seek permission from the Court to file another amended complaint. Nonetheless, mindful that pleadings by pro-se litigants are held "to less stringent standard than formal pleadings drafted by lawyers," the Court will accept this Second Amended Complaint (Docket # 114). Haines v. Kerner, 404 U.S. 519, 520 (1972).

However, upon review of the Second Amended Complaint, the Court finds no basis for reconsidering any of the dismissal orders already entered in this case. (See September 18, 2006 Order (Docket # 107) (dismissing Joseph Jabar, Jon D. Levy, Robert E. Mullen, Leigh I. Saufly, Warren M. Silver, Robert W. Clifford and Paul A. Cote); September 14, 2006 Order (Docket # 89) (dismissing Town of Jay);  August 29, 2006 Order (dismissing Danielle Gamiz, Betty Jespersen, Kennbec Journal, Morning Sentinel, Frank Blethen and Blethen Newspapers Corporation.)  To the extent Plaintiff's Second Amended Complaint states claims against any of these parties who were previously dismissed, the dismissal shall stand. In addition, the Court hereby NOTIFIES Plaintiff that she will not be allowed to file another amended complaint without first seeking permission from the Court in accordance with Federal Rule of Civil Procedure 15(a). Any request for permission to further amend the complaint shall be accompanied by: (1) a copy of the amended complaint that Plaintiff seeks to file and (2) an explanation of how

5

this newly amended complaint improves upon the Second Amended Complaint. More generally, the Court expects Ms. Murphy to read and comply with both the Federal Rules of Civil Procedure as well as the District of Maine Local Rules. See <u>F.D.I.C. v. Anchor Properties</u>, 13 F.3d 27, 31(1st Cir. 1994) (noting the pro se litigants are not "absolve[d] . . . from compliance with the Federal Rule or Civil Procedure" or "a district's procedural rules.")

## IV.     NOTICE TO PLAINTIFF

As the above discussion clearly indicates, Plaintiff is developing a pattern of filing multiple frivolous motions; many of which seek relief that has already been denied or relief that has been requested via an already pending motion, which the Court has not yet had an opportunity to rule upon. These duplicative filings do not assist and, in fact, hinder the Court's ability to consider the merits of Plaintiff's multiple claims. Such repeated filing of frivolous motions will not be tolerated for the duration of this matter.

Ms. Murphy is hereby CAUTIONED and on NOTICE that filing restrictions "may be in the offing" in accordance with <u>Cok v. Family Court of Rhode Island</u>, 985 F.2d 32, 35 (1st Cir. 1993).

SO ORDERED.

                                                     /s/ George Z. Singal
                                                    United States Chief District Judge

Dated on this 25th day of September 2006.