UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROL MURPHY,

v.                                                    C.A. No. 06-062-ML

STATE OF MAINE, et al.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Docket # 203) of

the Court's Order dated November 9, 2006, granting the motions to dismiss brought by the Town

of Farmington (Docket # 136) and the Franklin County Sheriff's Department, Dennis Pike, and

David St. Laurent ("Franklin County Defendants") (Docket # 92).  Plaintiff's motion is granted to

the extent that the Court reconsiders the basis for its earlier order.  For the reasons set forth below,

however, the Court finds that the motions to dismiss Plaintiff's second amended complaint brought

by the Town of Farmington (Docket # 136) and the Franklin County Defendants (Docket # 160)

ought to be, and they are hereby, GRANTED.

### I. Background

On May 22, 2006, Plaintiff, acting pro se, initiated this matter in the United States District

Court for the District of Maine seeking relief for alleged violations of her civil rights.[1]  Plaintiff's

allegations arise primarily from the events surrounding the seizure of her animals by the State of

Maine, and Plaintiff's subsequent conviction under state law for, inter alia, cruelty to animals.  On

May 30, 2006, Plaintiff filed a fifty-two page amended complaint, naming sixty-five parties as

---

[1] The travel of Plaintiff's case and its eventual assignment to the undersigned is
summarized in this Court's Memorandum and Order dated December 15, 2006 (Docket # 222).

defendants, including the State of Maine and various private actors.

Plaintiff filed a second amended complaint on September 21, 2006, naming an additional twenty-one parties as defendants. Plaintiff's second amended complaint covers some fifty-nine pages and includes two hundred and sixty-six separate paragraphs. In her ten-count complaint, Plaintiff seeks relief for alleged violations of 42 U.S.C. § 1983 under numerous provisions of the United States Constitution and Article 1, Sections 4, 6, 6A, and 21 of the State of Maine Constitution. Plaintiff also alleges violations of 42 U.S.C. § 1985(3), 18 U.S.C. §§ 241 and 242, and a deprivation of her rights by "bribery, fraud and swindles."[2] (Second Amended Compl. at ¶ 262-63). Plaintiff seeks the return of her property and compensatory damages in the amount of eight hundred million dollars. (Id. at ¶ 266). She also requests punitive damages, as well as costs and attorney's fees pursuant to 42 U.S.C. § 1988. (Id.).

## II. Motion for Reconsideration

Although Plaintiff has not specified, the Court presumes her motion for reconsideration was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990) ("Circuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e)."). It is appropriate for a court to grant a motion to reconsider: "1) where the court made a manifest error of fact or law; 2) where there is newly discovered evidence; [or] 3) where there has

---

[2] Plaintiff's claims under 18 U.S.C. §§ 241 and 242, as well as Plaintiff's claim of a deprivation of her rights by "bribery, fraud and swindles," have been addressed in this Court's Memorandum and Order dated February 1, 2007 (Docket # 249). For the reasons set forth in that Memorandum and Order, Plaintiff's claims under 18 U.S.C. §§ 241 and 242, as well as Plaintiff's claim of a deprivation of her rights by "bribery, fraud and swindles," must be dismissed against the Town of Farmington and Franklin County Defendants.

been a change in the law." <u>McLaughlin v. Unum Life Ins. Co. of America</u>, 212 F.R.D. 40, 41 (D. Me. 2002); <u>see</u> <u>Nat'l Metal Finishing Co.</u>, 899 F.2d at 124.

This Court's Order dated November 9, 2006, was based, in part, on a finding that the Plaintiff had failed to file responses to the motions to dismiss filed by the Franklin County Defendants and the Town of Farmington. The Court now acknowledges that it was in error; the Plaintiff did in fact file responses to these motions. Plaintiff's motion for reconsideration, therefore, is granted to the extent the Court's order relied on this basis for dismissing the defendants' motions.

### III. <u>Motions to Dismiss</u>

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." <u>Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005) (citation omitted). In doing so, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like . . ." when evaluating a plaintiff's allegations. <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (citations omitted). A court should not grant a motion to dismiss "unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." <u>Roma Constr. Co. v. aRusso</u>, 96 F.3d 566, 569 (1st Cir. 1996) (citations omitted).

It is appropriate for a court to grant a motion to dismiss "if the pleadings fail to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Centro Medico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005) (citations and internal quotation marks omitted). "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim . . . nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that

would justify drawing such a conclusion." <u>Cordero-Hernandez v. Hernandez-Ballesteros</u>, 449 F.3d 240, 244 n.3 (1st Cir. 2006). Even <u>pro se</u> complaints "based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." <u>Pavilonis v. King</u>, 626 F.2d 1075, 1078 (1st Cir. 1980).

"A pro se litigant, like any litigant, is guaranteed a meaningful opportunity to be heard." <u>Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 437 (1982)). As a general rule, <u>pro se</u> complaints are held to less stringent standards than the formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Nevertheless, <u>pro se</u> litigants are not excused from compliance with procedural rules or substantive law. <u>Eagle Eye Fishing Corp.</u>, 20 F.3d at 506 ("The Constitution does not require judges . . . to take up the slack when a party elects to represent [herself].").

## A. **Town of Farmington**

Plaintiff brings this action against the Town of Farmington "in its municipal capacity." (Second Amended Compl. at ¶ 42). Plaintiff alleges that the Town of Farmington employs co-defendants Wayne Atwood ("Atwood"), David St. Laurent ("St. Laurent"), and Dennis C. Pike ("Pike"). (<u>Id.</u> at ¶ 149, 231, and 232). Plaintiff makes no other specific factual allegations concerning the Town of Farmington in the two hundred and sixty-six paragraphs of her second amended complaint. This omission is fatal to Plaintiff's claim of municipal liability under 42 U.S.C. § 1983.

It is well-settled that municipalities may be sued under § 1983 by a plaintiff who is subjected to a deprivation of his or her constitutional rights. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690-91 (1978); <u>see Mahan v. Plymouth County House of Corrs.</u>, 64 F.3d 14, 16 (1st Cir. 1995). It

-4-

is equally well-settled, however, "that the common law doctrine of <u>respondeat</u> <u>superior</u>, whereby employers are held vicariously liable for the wrongful acts of their employees, is not applicable to such actions." <u>Britton v. Maloney</u>, 901 F.Supp. 444, 449 (D. Mass. 1995); <u>see</u> <u>Whitfield v. Melendez-Rivera</u>, 431 F.3d 1, 14 (1st Cir. 2005); <u>Wilson v. City of Boston</u>, 421 F.3d 45, 59 (1st Cir. 2005). Thus, a municipality may be liable under § 1983 only if there is a showing that a <u>policy</u> or <u>custom</u> of the municipality caused Plaintiff's injury. <u>Monell</u>, 436 U.S. at 694; <u>see</u> <u>Miller v. Kennebec County</u>, 219 F.3d 8, 12 (1st Cir. 2000). The Supreme Court has explained that:

> [l]ocating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

<u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403-04 (1997) (citations omitted).

Put simply, Plaintiff has failed to allege <u>any</u> policy, custom, or practice of the Town of Farmington in her fifty-nine page second amended complaint. Although she alleges that co-defendants Atwood, St. Laurent, and Pike are employed by the Town of Farmington, and have violated her constitutional rights by participating in the removal of her animals, Plaintiff fails to identify the existence of a widespread policy or practice of the Town of Farmington that has directly resulted in her injury. <u>See</u> <u>Mailloux v. Town of Littleton</u>, 473 F.Supp.2d 177, 190 (D. Mass. 2007); <u>Luthy v. Proulx</u>, 464 F.Supp.2d 69, 74 (D. Mass. 2006). Plaintiff's allegations are aimed only at Atwood, St. Laurent, and Pike, and nowhere is there an indication that their conduct is part of an established practice or custom of the Town of Farmington. To survive the Town of Farmington's motion to dismiss, Plaintiff's second amended complaint must include at least minimal allegations

that outline such a municipal custom or policy.  Luthy, 464 F.Supp.2d at 74.  It does not.

Accordingly, Plaintiff's claim of municipal liability under § 1983 must fail.[3]

Plaintiff also makes a claim under § 1983 for alleged violations of Article 1, Sections 4, 6,

6A, and 21 of the State of Maine Constitution.  (Second Amended Compl. at ¶ 247).  A plaintiff

asserting a cause of action under § 1983, however, must show, inter alia, a deprivation of "rights,

privileges, or immunities secured by the United States Constitution or by federal law.  By the terms

of the statute itself, a section 1983 claim must be based upon a federal right."  Ahern v. O'Donnell,

109 F.3d 809, 815 (1st Cir. 1997) (citations omitted).  "Section 1983 does not make available to

[Plaintiff] a federal private right of action to seek relief from violations . . . of Maine's constitution

. . . .  Section 1983 claims are valid only against officials who, acting under state law, violate either

the federal Constitution or federal statutes."  Grenier v. Kennebec County, 748 F.Supp. 908, 913 (D.

Me. 1990) (emphasis supplied).  Consequently, Plaintiff's claim under § 1983 for violations of

Article 1, Sections 4, 6, 6A, and 21 of the State of Maine Constitution must be dismissed.[4]

Plaintiff also alleges a conspiracy under 42 U.S.C. § 1985(3).  (Second Amended Compl. ¶¶

264-65).  "In Griffin v. Breckenridge, 403 U.S. 88, 91 (1971), the Supreme Court clarified that in

---

[3] In her response to the Town of Farmington's motion to dismiss, Plaintiff makes broad, conclusory statements about the "routine, customary, [and] ongoing violations of citizens' rights . . . as perpetrated by Wayne Atwood and [the] Town of Farmington" and "the pattern used and approved by custom of [the] Town of Farmington and Wayne Atwood."  Even if these averments were sufficient, Plaintiff has been warned that allegations made outside of the pleadings will not be considered in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Murphy v. Maine, No. CV-06-62-B-W, 2006 WL 2514012 at *2 (D. Me. Aug. 29, 2006); see Young v. Lepone, 305 F.3d 1, 10-11 (1st Cir. 2002).

[4] For the same reasons as set forth supra, Plaintiff's claim under § 1983 for violations of Article 1, Sections 4, 6, 6A, and 21 of the State of Maine Constitution against the Franklin County Defendants must be dismissed as well.

order to state a claim under Section 1985(3), the plaintiff must, among other requirements, allege that the conspiratorial conduct of which [she] complains is propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Diva's Inc. v. City of Bangor, 411 F.3d 30, 38-39 (1st Cir. 2005) (internal quotation marks and citation omitted). Plaintiff has failed to allege any class-based discriminatory animus on the part of the Town of Farmington; accordingly, her claim must be dismissed.

## B. Franklin County Defendants

Plaintiff alleges that the Franklin County Sheriff's Department, in its municipal capacity, and Officers Pike and St. Laurent, in their official and individual capacities, deprived Plaintiff of her constitutional rights in violation of 42 U.S.C. § 1983. Assuming (without deciding) that the Franklin County Sheriff's Department is a "person" under § 1983, Plaintiff's claims against the Franklin County Sheriff's Department are dismissed for the same reasons as set forth in Part III, Section A supra.[5] This leaves Plaintiff's claims under § 1983 against St. Laurent and Pike in their individual capacities.[6] The Court will address each in turn.

---

[5] Although municipalities have long been held to be "persons" under § 1983, see Monell, 436 U.S. at 690-91, the First Circuit has not directly addressed the question of a police department's status as a proper defendant in § 1983 actions. Courts in other circuits have almost unanimously found police departments to be outside of § 1983's definition of a "person." See, e.g., Padilla v. Township of Cherry Hill, 110 Fed. Appx. 272, 278 (3rd Cir. 2004); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991), cert. denied, 502 U.S. 1032 (1992). Even if Plaintiff's claim against the Franklin County Sheriff's Department were treated as a claim against Franklin County, however, Plaintiff's claim of municipal liability would still fail for the reasons set forth in Part III, Section A supra.

[6] Although Plaintiff also brings her action against Pike and St. Laurent in their official capacities, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 691 n.55. Accordingly, the Court construes the Plaintiff's § 1983 claims against officers Pike and St. Laurent in their official capacities as claims against the Franklin County Sheriff's Department. See

### 1. Officer St. Laurent

Plaintiff alleges that St. Laurent is a "Farmington detective" employed by the Farmington Sheriff's Office and the Town of Farmington.[7] (Second Amended Compl. ¶ 149). In essence, Plaintiff claims that St. Laurent and a member of the "Maine Department of Inland Fisheries and Wildlife" came to her property and issued "criminal permit violation notices."[8] (Id.) According to Plaintiff, the men told her that she lacked permits for several of the animals that the state had seized earlier that month. (Id.) Plaintiff alleges that St. Laurent knew her animals and property had been "stolen" by the state, and that by issuing her a "criminal permit," St. Laurent "aided in the racketeering scheme of the State of Maine." (Id. at ¶¶ 149-50).

It is unclear exactly what constitutional right the Plaintiff is alleging that St. Laurent deprived her of when he "issu[ed] criminal permits" to Plaintiff. (Id. at ¶ 150). Although Plaintiff may be attempting to claim a violation of § 1983 for an unreasonable seizure under the Fourth Amendment, she has failed to state a claim upon which relief can be granted. Assuming for the purposes of deciding this motion that a "criminal permit violation notice" is the equivalent of a summons, the resultant obligation to appear in court to face criminal charges does not constitute a Fourth

---

Shamaeizadeh v. Cunigan, 338 F.3d 535, 556 (6th Cir. 2003). Thus, Plaintiff's claims under § 1985(3) against Pike and St. Laurent must be dismissed for the reasons already discussed in Part III, Section A supra.

[7] It appears from the Franklin County Defendants' motion to dismiss that St. Laurent is a member of the Franklin County Sheriff's Department and not the "Farmington Sheriff's Department" as alleged by Plaintiff.

[8] Based on the record in this case as a whole, it appears that Plaintiff is referring to the "Uniform Summons and Complaint" served on her by St. Laurent on March 24, 2004. The Uniform Summons and Complaint charged Plaintiff with animal cruelty under 17 M.R.S.A. § 1031.

Amendment Seizure. <u>See</u> <u>Nieves v. McSweeney</u>, 241 F.3d 46, 55-56 (1st Cir. 2001). Plaintiff was not "arrested, detained, restricted in [her] travel, or otherwise subject to a deprivation of [her] liberty" <u>before</u> the Plaintiff was found guilty of one count of animal cruelty under 17 M.R.S.A. § 1031(1)(E), and four counts of possessing animals without a permit in violation of 12 M.R.S.A. § 7371(3). <u>Id.</u> at 56. Accordingly, Plaintiff's § 1983 claim against St. Laurent in his individual capacity must be dismissed.

### 2. Officer Pike

Plaintiff alleges that Pike is Officer St. Laurent's supervisor and that "Pike sent St. Laurent under color of law to [Plaintiff's] home to discriminate against her even though her animals had been stolen without benefit of a warrant and even though he knew that [the] normal procedure in a permit case was to allow the owner time to apply for permits." (Second Amended Compl. ¶ 232). Plaintiff further alleges that "Pike and St. Laurent helped with the racketeering scheme against [Plaintiff] by carrying out orders from [the Assistant District Attorney] who prosecuted unconstitutional, illegal charges against [Plaintiff]." (<u>Id.</u>) In her response to the Franklin County Defendants' motion to dismiss, Plaintiff states that Pike and St. Laurent "knew that instead of serving Plaintiff with warrants, they should have been arresting the racketeers for the multiple criminal acts and violations of her legal, constitutional rights." (Docket # 190 at ¶ 13). Plaintiff also asserts that "if officers fail to check out what they are asked to do, they are liable to prosecution." (<u>Id.</u> at ¶ 15).

Although it is far from clear, it appears that Plaintiff is asserting a claim of supervisory liability under § 1983. Supervisors, however, "may only be held liable under § 1983 on the basis of their own acts or omissions." <u>Whitfield</u>, 431 F.3d at 14 (citing <u>Barreto-Rivera v. Medina-Vargas</u>, 168 F.3d 42, 48 (1st Cir. 1999)). Absent a supervisor's direct participation in the unconstitutional

conduct, "a supervisor may only be held liable where (1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Id. (internal quotation marks and citation omitted). Plaintiff has not alleged that Pike was personally involved in any of the alleged constitutional violations. Furthermore, Plaintiff has failed to adequately allege that a subordinate of Pike (namely St. Laurent) has committed a constitutional violation. Thus, Plaintiff has failed to state a claim against Pike for which relief can be granted.

## IV. Conclusion

For the reasons set forth above, the motions to dismiss Plaintiff's second amended complaint brought by the Town of Farmington (Docket # 136) and the Franklin County Defendants (Docket # 160) are GRANTED.

SO ORDERED.

Mary M. Lisi
Chief United States District Judge
June 22, 2007