```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND


CAROL MURPHY,                       :
            Plaintiff,              :
                                    :
       v.                           :      CA 06-98 ML
                                    :
STATE OF MAINE, et al.,             :
            Defendants.             :
```

### REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

This is a pro se action brought by Plaintiff Carol Murphy ("Plaintiff") against approximately eighty-five named defendants[1] for alleged violations of her federal and state constitutional rights. See Second Amended Complaint (Document ("Doc.") #114). From the allegations in her fifty-nine page Second Amended Complaint, it appears that Plaintiff's claims stem from (or relate to) her prosecution by state and/or local authorities in Maine for neglect of one or more animals which she owned in 2004. See Second Amended Complaint ¶¶ 102-242, especially ¶¶ 200-202. Plaintiff originally filed this action in the District of Maine, but it was subsequently transferred to the District of New Hampshire, see Order (Doc. #142), and then transferred to this District, see Order (Doc. #176), after the district judges in those districts recused themselves,[2] see recusal orders (Docs. #115, #140, #141, #163, #164, #165).

---

[1] Some of the named Defendants have previously been dismissed. See Memorandum and Orders (Docs. #249, #251, #260) and Orders (Docs. #199, #271, #272); see also Voluntary Dismissal (Doc. #237).

[2] Among the Defendants named in the Second Amended Complaint are U.S. District Judge John A. Woodcock, Jr., and U.S. Magistrate Judge Margaret Kravchuk, both of the District of Maine. See Second Amended Complaint ¶¶ 79-80.

As explained more fully below, because Plaintiff has twice refused to participate in a status conference ordered by this Magistrate Judge, see Notice (Doc. #273); Notice and Order (Doc. #278), and has made plain that she does not wish to receive communications from this Court, I recommend that the action be dismissed pursuant to Fed. R. Civ. P. 41 and also the Court's inherent power to manage and control its docket.

**Facts**

On or about June 28, 2007, Chief Judge Mary M. Lisi directed this Magistrate Judge to conduct a telephonic status conference in the above matter. See 28 U.S.C. § 636(b)(1)(A);[3] see also White v. ABCO Eng'g Corp., 199 F.3d 140, 142 n.2 (3rd Cir. 1999) ("A judge may unilaterally assign a magistrate judge to determine most pretrial matters ...."). In compliance with that directive, the conference was scheduled for 10:00 a.m. on Monday, July 16, 2007, and the parties involved were sent notice thereof.[4]

---

[3] 28 U.S.C. § 636(b)(1) provides in relevant part that:

Notwithstanding any provision of law to the contrary--

(A) **a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court**, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

....

28 U.S.C. 636(b)(1)(A) (bold added).

[4] Notice of the conference was sent to Plaintiff and to counsel for Defendant Wayne Atwood and counsel for Defendants Barbara Bevin and Ralph Bevin. See Notice (Doc. #273). Unlike many of the other defendants, these Defendants have not filed dispositive motions.

2

On or about July 11, 2007, the Court received a document entitled "Notice to the Court," which was filed by Plaintiff on July 10, 2007, in the United States District Court for the District of Maine. <u>See</u> Notice to the Court (Doc. #275). In that document Plaintiff stated that the Court "will be conducting [the status conference] with [it]self ...," Notice to the Court at 1,[5] that she does not speak with magistrate judges, <u>see id.</u> at 2, and that she "has no desire to have further contact with a treasonous, fraudulent court," <u>id.</u>, apparently referring to this Court.[6]

In order to give Plaintiff time to reconsider her position and also to advise her of the consequences if she persisted in her refusal to participate in the status conference, on July 13, 2007, this Magistrate Judge issued a Notice and Order (Document #278) continuing the status conference to 10:00 a.m. on Friday, July 27, 2007, and advising her that:

> Plaintiff's unwillingness to participate in the scheduled telephonic conference and to receive

---

[5] The Notice to the Court (Doc. #275) is a three page document. The first page is paginated "2 of 4." Attached to the Notice to the Court is a document entitled "Judicial Notice" which is paginated "1 of 4." The Court disregards Plaintiff's pagination and treats the first page of the Notice to the Court as page 1.

[6] Plaintiff also stated in her Notice to the Court that:

Your Court has absolutely no constitutional jurisdiction in the above case as of June 2, 2007. In point of fact, the Rhode Island court has never had constitutional jurisdiction. If you wish to continue to try to orchestrate this case in the absence of any constitutional jurisdiction, please refer your future orders, notices, rulings, and demands for telephone conferences to the United States Supreme Court in Washington, DC, and the Judiciary Committee in Washington, DC as both have all of my case information in order to address the issues cited and may have an interest in asking you about the treason you just committed.

Notice to the Court at 1.

3

communications from this Court interferes with the Court's ability to manage its docket. See Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este, 456 F.3d 272, 27[7] (1st Cir. 2006)(stating that "the district court has an interest in the efficient management of its docket"). If Plaintiff persists in her position, this Magistrate Judge will have no alternative but to issue a Report and Recommendation recommending that her action be dismissed. See id. ("Whenever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised. Courts are entitled to take sensible measures to guard against such debilitating occurrences.").

Notice and Order at 2.

On July 27, 2007, at approximately 10:00 a.m., this Magistrate Judge's deputy clerk, Martha Saucier, placed a telephone call to Plaintiff in order that the scheduled telephonic status conference could be conducted. After Plaintiff answered the telephone, Ms. Saucier explained the purpose of the call. Plaintiff responded: "There is no case in your Court. You people have no jurisdiction and have not had it since the 2nd of June." Transcript of 7/27/07 Telephone Call to Plaintiff. As Ms. Saucier attempted to state who else was on the line, Plaintiff interrupted her, stating "I'm sorry. I have nothing to say. There is no case your court." Id. Plaintiff then hung up.

This Magistrate Judge, after being informed of what had transpired, instructed Ms. Saucier to inform the other participants that there would be no status conference because Plaintiff had refused to participate and that the Court would issue a report and recommendation. This is that Report and Recommendation.

**Law**

"Courts cannot function if litigants may, with impunity, disobey lawful orders. It has long been the rule that federal courts possess plenary authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"

4

Abdullah v. Acands, Inc., 30 F.3d 264, 270 (1st Cir. 1994) (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)); accord Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)(noting "unarguable proposition that courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs"). "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b).[7]" Cintrón-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002); see also Young v. Gordon, 330 F.3d at 81 ("[I]n the federal system the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders.").

Ordinarily, dismissal should be employed as a sanction only when a plaintiff's misconduct is extreme. Young v. Gordon, 330 F.3d at 81; see also Taffanelli-Figueroa v. Fajardo-Vélez, 483 F.3d 24, 26 (1st Cir. 2007)("[W]e have ... warned that dismissal with prejudice is a particularly harsh sanction, which should be

---

[7] Fed. R. Civ. P. 41(b) states:

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b); see also Holly v. Anderson, 467 F.3d 1120, 1121 (8th Cir. 2006)("A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order."); Pickel v. United States, 746 F.2d 176, 182 n.7 (3rd Cir. 1984)("A Rule 41(b) dismissal may be entered sua sponte or on motion of a party.")(citing Link v. Wabash R.R., 370 U.S. 626, 630-33, 82 S.Ct. 1386, 1388-90 (1962)).

5

imposed only in extreme circumstances."); cf. Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 195 (1st Cir. 2003)(noting that in general "the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable"). However, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)(citation omitted).

> This principle applies with undiminished force to scheduling orders. To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process-and a party's disregard of such orders robs them of their utility. For that reason, litigants have an "unflagging duty to comply with clearly communicated case-management orders." Rosario-Diaz [v. Gonzalez], 140 F.3d [312,] at 315 [(1st Cir. 1998)].

Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 46.

Thus, a litigant who ignores case-management deadlines does so at her peril. Id. at 45-46. Pro se parties are not excused from compliance with procedural rules. See Institutio de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000).

"[A] finding of bad faith is not a condition precedent to imposing a sanction of dismissal." Young v. Gordon, 330 F.3d at 82. The "mere fact that a litigant or a lawyer may have had other priorities does not constitute a bulletproof excuse for noncompliance with a court order." Id.; see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749-750 (5th Cir. 1987)(affirming dismissal of plaintiff's claims where he was warned that failure to timely comply with court order would result in dismissal notwithstanding his belief that he was free to disregard that order because of a local rule); cf. Phipps v.

Blakeney, 8 F.3d 788, 790 (11th Cir. 1993)(affirming dismissal and holding that no explanation on why lesser sanctions would not have worked was necessary where "plaintiff declared, *after* he had been flatly threatened with dismissal, that he 'had no intention' of appearing at his own deposition or at discovery conferences").

### Discussion

In this case, after Plaintiff received notice of the July 16, 2007, status conference, she notified the Court that she would not participate in it because she "do[es] not speak with Magistrate Judges," Notice to the Court at 2, and this Court "has absolutely no constitutional jurisdiction on [her] case," id. at 1. Plaintiff was given time to reconsider her refusal to participate in the status conference. See Notice and Order at 2-3 (continuing status conference from July 16th to July 27th). She was also warned that if she persisted in that refusal, this Magistrate Judge would issue a report and recommendation, recommending that her claims be dismissed. See id.

Plaintiff has persisted in her refusal and has now indicated in both her written Notice to the Court and also in her oral statements to the deputy clerk on July 27, 2007, that she does not wish to have any further contact with this Court. I find that Plaintiff's refusal to participate in the scheduled status conference violates the Notice and Order. I further find that Plaintiff's expressed desire not to have any further contact with this Court makes it impossible for this Court to manage its docket and to move this case along in an orderly fashion.[8] Cf.

---

[8] Plaintiff in her Notice to the Court states:

> Please stop harassing a USA/Maine/victim/citizen who clearly has no desire to have further contact with a treasonous, fraudulent court. Further attempts by the court to enforce their will and unconstitutional jurisdiction upon me or my case, will be construed as further First Amendment retaliation weapons, which includes treason, criminal threats, coercion,

7

<u>Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este</u>, 456 F.3d 272, 277 (1st Cir. 2006)(stating that "the district court has an interest in the efficient management of its docket").

In addition, I conclude that Plaintiff's conduct, as reflected by the statements in her Notice to the Court[9] and by her action in hanging up on the deputy clerk on July 27, 2007, was contumacious and that this circumstance also weighs in favor of dismissal as a sanction for Plaintiff's deliberate failure to participate in the ordered status conference. Lastly, the number and identity of the Defendants named in Plaintiff's Second Amended Complaint suggests that she sues anyone who does not agree with her view of the facts and/or the law in this matter. <u>See, e.g.</u>, Second Amended Complaint ¶¶ 73-74, 151, 157 (reporters who wrote articles about Plaintiff's animals and/or the charges); <u>id.</u> ¶¶ 25, 155 (attorney who initially represented Plaintiff in state court); <u>id.</u> ¶¶ 27, 165 (attorney who subsequently represented Plaintiff in state court); <u>id.</u> ¶¶ 23, 178-179 (prosecutor who prosecuted case); <u>id.</u> ¶¶ 60, 61, 171 (court

---

> judicial tyranny, blackmail, racketeering and other such activities.
>
> ....
>
> Further correspondence, orders, notices, messages via carrier pigeon, skywriting, or hot air balloons will invite a law suit for continuing harassment, treason, improper conduct, First Amendment retaliation, racketeering, etc.

Notice to the Court at 2-3.

[9] The Court finds the following statements in the Notice to the Court to be contumacious: "By issuing orders, notices, dismissals or anything else on this case you have just committed treason ...," Notice to the Court at 1; advising the Court "to take a remedial reading course and a reading comprehension course," <u>id.</u> at 2; and apparently describing this Court as "a treasonous, fraudulent court," <u>id.</u> at 3.

8

reporters who recorded the trial); id. ¶¶ 16, 169 (state court trial judge); id. ¶¶ 29, 158 (state representative whom Plaintiff contacted for assistance); id. ¶¶ 79-80, 209, 217 (federal judges who had prior involvement with this case).[10] A sanction short of dismissal is not likely to be effective. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d at 750 (finding it "not likely" that plaintiff, whose "strategy since his divorce case has been to harass any official remotely connected to his divorce case," would be brought into line by a lesser sanction other than dismissal). Therefore, in accordance with the warning contained in the Notice and Order, I recommend that the action be dismissed. See Cintrón-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d at 526-27 (acknowledging the principle of leniency towards pro se plaintiffs, but declining to apply it where the court's warnings were plain).

## Conclusion

For the reasons stated above, I recommend that the action be dismissed pursuant to Rule 41(b) and also the Court's inherent power to manage and control its docket because of: 1) Plaintiff's repeated refusal to participate in a scheduled telephonic status conference despite having been warned in the Notice and Order (Doc. #278) of the consequences of such refusal, and 2) Plaintiff's stated unwillingness to receive communications from this Court. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within

---

[10] Plaintiff's identification of "Defendants Jane and John DOES 1 through 1000 as their identities become known," Second Amended Complaint (Doc. #114) at 4, suggests that she envisions that the number of additional defendants will increase substantially.

9

ten (10)[11] days of its receipt.[12] See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 1, 2007

---

[11] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).

[12] As required by Fed. R. Civ. P. 72(b) and DRI LR Cv 72(d), a copy of this Report and Recommendation is being mailed to Plaintiff. Plaintiff's expressed desire to receive no further communications from this Court can be given if the Report and Recommendation is accepted by Chief Judge Lisi and the action dismissed.